# BERNSTEIN v. N. V. NEDERLANDSCHE-AMERIKAANSCHE STOOMVAART-MAATSCHAPPIJ.

District Court, S. D. New York.
July 23, 1946.

See, also 6 F.R.D. 297.

Bennet, House & Couts, of New York City (Victor House, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

Application by plaintiff for reconsideration of that part of my previous decision which granted him permission to serve an amended complaint, adding a fifth cause of action based on the theory of money had and received, but struck from the proposed fifth cause of action the following paragraph, viz.: "At all the times herein mentioned the defendant knew the plaintiff to be of the Jewish faith and at the mercy of the Nazis then controlling Germany, whose policies of eliminating so-called non-Aryans from German life and dispossessing them of their property by force, duress and coercion were open and avowed and matters of general knowledge."

In my earlier opinion I held that this paragraph was obviously scandalous, irrelevant and immaterial and added nothing to plaintiff's proposed cause of action and that, if plaintiff has any right of recovery against defendant, it is not because of the general attitude of the Nazi officials toward those of the Jewish faith but because of their threats and duress imposed upon him as an individual, as set forth in other paragraphs of the original complaint.

Plaintiff's present argument is that the new paragraph is neither scandalous, nor irrelevant, nor immaterial and that, if my previous opinion is permitted to stand without further explanation, he may be precluded from introducing evidence upon the trial which may at such time prove to be vital and necessary to sustain his claim.

In view of the definition of the word scandalous, as applied to a pleading, in the cases now cited by plaintiff, I may have been mistaken in my previous holding that the paragraph was scandalous. But, even if so, it is certainly unnecessary, irrelevant and immaterial to the proposed fifth cause of action. The form of a complaint for money had and received, contemplated by the Federal Rules of Civil Procedure (see form 8 annexed to the Rules, 28 U.S.C.A. following section 723c) is both simple and brief. It requires only the allegation that "defendant owes plaintiff $10,000 for money had and received from one G. H. on June 4, 1936, to be paid by defendant to plaintiff." In such a complaint the pleading is clearly irrelevant, immaterial and unnecessary. As said before, it adds nothing to plaintiff's cause of action; it purports to allege only evidentiary facts which, if they become material, plaintiff may prove without alleging them.

In my previous opinion I did not, nor do I now, pass on the materiality of any evidence the plaintiff may desire to introduce in order to prove his proposed fifth cause of action. That, however, is a matter for the trial judge. All I then decided, or now decide, is that the facts alleged in this paragraph are unnecessary in the proposed fifth cause of action; and, being unnecessary, they should not be included over the objection of the defendant. It is never necessary to count on what is merely evidence, if the essential elements of a cause of action are pleaded. It is not necessary for plaintiff to allege the facts which he claims defendant may have known, or which may have put it on inquiry.

Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. While, on a motion to amend, the merits or sufficiency of the proposed amendment are not carefully scrutinized, the Rule does not require that immaterial allegations, allegations of evidentiary facts not necessary to the statement of a good cause of action, should be retained, if the adverse party objects to them as immaterial or prejudicial.

Rule 12(f) authorizes the court, upon its own initiative, at any time, to strike from a pleading any redundant, immaterial, impertinent or scandalous matter. A fortiori, in permitting the amendment of a pleading, it must have the same power to order stricken from the proposed amendment matter which is objected to as being, and is, redundant, immaterial, impertinent or scandalous.

Plaintiff's motion for reconsideration is denied. Settle order on two days' notice.